### In re MILNER.
### Patent Appeal No. 2990.

Court of Customs and Patent Appeals.
May 23, 1932.

Paul Carpenter, of Washington, D. C. (Brendan J. McCann and Ira J. Wilson, both of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting 48 claims in appellant's application for a patent for an alleged invention relating to improvements "in method of and apparatus for power regulation," particularly for regulating the operation of locomotive steam engines, which, in operation, are subjected to constantly changing conditions of load, speed, etc.

On the day of the oral arguments, counsel for appellant filed in this court a written election to prosecute the following claims only: Apparatus claims 15, 18, 19, 20, 50, 105, and 107, and withdrew all of the other claims involved in this appeal. Accordingly, we will consider only the claims above enumerated. Claims 20, 50, and 107 are sufficiently illustrative. They read:

"20. In an engine, the combination of a speed sensitive member, a valve gear, and means for regulating a supply of fuel, and said valve gear, by the action of said speed sensitive member, and means for varying the effective action of said speed sensitive member on said valve gear and fuel supply."

"50. In a steam engine having a valve motion cut-off a water supply for the boiler thereof, and means for operatively automatically controlling the said valve motion cut-off and water supply in accordance with the rate of speed of the engine."

"107. In a device of the character described, in combination, a source of fluid under pressure, an engine operated thereby, a valve gear mechanism, means for controlling the supply of fuel, a speed sensitive device and interconnecting means adapted to actuate said valve gear mechanism and said supply of fuel accordingly, independently of the pressure of such fluid, and means for setting said interconnecting means for varying the action by said speed sensitive device upon said valve gear mechanism."

The references are: Prall 426,060, April 22, 1890; Christensen, 542,702, July 16, 1895; Hoadley, 586,384, July 13, 1897; Thomson, 733,093, July 7, 1903; Drompp, 782,902, February 21, 1905; Clark, 807,419, December 12, 1905; Lovegrove, 807,478, December 19, 1905; Shepherd, 1,016,857, February 6, 1912; MacFarren, 1,116,346, November 3, 1914; LeBlanc, 1,141,968, June 8, 1915; Kasley, 1,231,261, June 26, 1917; Brownback, 1,277,541, September 3, 1918; Milner, 1,372,445, March 22, 1921; Muchka, 1,559,730, November 3, 1925.

Claim 50 was rejected by the Patent Office tribunals on the ground that appellant's specification did not adequately disclose, as stated by the Primary Examiner, "means for coordinating control features other than the fuel feed and cut-off mechanism with the speed of the locomotive," and all of the claims, including claim 50, were rejected on the ground that they lacked invention in view of the prior art.

Appellant contends that he has combined in one apparatus "speed control means for-

actuating the valve gear mechanism, means for varying the operation of this means, and to simultaneously, by the speed responsive means, control the supply of fuel, air, water and the like to the locomotive boiler."

Although conceding that appellant's combination was novel and useful, the tribunals of the Patent Office held that each of its elements was old; that the combination was plainly suggested by the references; and that, therefore, nothing more than ordinary mechanical skill was required to produce it.

In its decision, affirming the decision of the Primary Examiner, the Board of Appeals, in an exhaustive opinion, among other things, said:

"Appellant's patent 1,372,445 discloses cut-off linkage controlled by the speed of the locomotive and while maximum draw-bar pull is stated to be the object of the invention, it appears that the structure operates in substantially the same way as the speed controlled cut-off mechanism of this application and would necessarily tend to effect economies in steam consumption. As we see it the extension of the idea of speed control to embrace other mechanism, normally manually controlled, as to the broad conception at least, is obvious, though it might require invention to work out a practical solution of this broad idea.

"The Le Blanc patent shows a steam engine in which the water, fuel and air supply is controlled by speed responsive means. In discussing this patent appellant asserts that when running light a large quantity of fuel, water and air will be supplied the boiler and that under load the reverse will be true. As we read the patent the reverse is true as to both assertions. See lines 44 to 48, page 2. This patent clearly shows an embodiment of the idea of controlling the fuel, air and water automatically from the speed of the engine and we see nothing broadly patentable in incorporating this form of control in an engine of a particular type such as a locomotive engine nor in one which has a speed controlled link motion such as in appellant's prior patent.

"The Lovegrove patent shows it old to control a damper in accordance with engine speed.

"MacFarren controls a throttle by speed responsive mechanism and regulates the cut-off mechanism indirectly through steam pressure.

"The Muchka patent shows it old to interconnect the feed water control and valve gear.

We see nothing inventive in controlling the valve gear of this patent by speed responsive mechanism such as used in appellant's patent.

"The remaining references show it old to interconnect various controls and are in the main merely cumulative. We see no reason for discussing them individually."

It is vigorously contended by counsel for appellant that the Patent Office tribunals were wrong in holding that it was obvious to combine the various references; that the involved combination is new and useful; and that, therefore, appellant is entitled to a patent.

The question to be determined is whether appellant's combination, new and useful though it may be, involves invention. If it does, appellant is entitled to a patent.

We have given careful consideration to the various contentions made by counsel for appellant. However, we are of opinion that the involved combination was plainly suggested by the references, and that nothing more than ordinary mechanical skill was required to produce it. Holding these views, we deem it unnecessary to discuss other issues presented by the parties.

The decision of the Board of Appeals is affirmed.

Affirmed.